## J. R. WILLIAMS et als. *v.* WILLIAM HAWTHORN et als.

Creditors having individually the right to institute the revocatory action, they may be joined as plaintiffs to the same suit, to have a fraudulent or simulated conveyance made by their common debtor annulled.

In a revocatory action, all persons charged with colluding for the purpose of defrauding the plaintiffs, may be joined as defendants.

APPEAL from the District Court of the Parish of Rapides, *Cullom*, J.

*Hyman & Cazabat*, for plaintiffs and appellants    *W. B. & J. C. Lewis*, for defendants.

VOORHIES, J.    The motion to dismiss, in this case, has been unadvisedly filed; it sets forth as a defect, that one of the appellants has not given his bond of appeal, whilst it appears that both of them executed separate bonds.

This action is brought by two creditors of *Albert Hawthorn*, for the purpose of annulling a sale made by their debtor to *William Hawthorn*, and a judgment

WILLIAMS
*v.*
HAWTHORN.

obtained by *Martha Hawthorn* against her husband, *Albert Hawthorn*. The alleged grounds of nullity are fraud and simulation.

*Albert Hawthorn*, his wife *Martha Hawthorn*, and his brother *William Hawthorn*, who are made defendants in this matter, excepted to the plaintiffs action, on the following grounds, to wit :

1st. A misjoinder of plaintiffs.

2dly. A misjoinder of defendants ; and,

3dly. An illegal cumulation of causes.

I. The claims of the plaintiffs against their common debtor, are distinct; but the cause of action, when they seek to avoid the effects of a fraudulent or simulated conveyance made by the common debtor to their detriment, is the same. If each and every creditor, irrespective of the origin of his claim, has the right to institute individually the revocatory action, there can be no impropriety in their joining for that purpose in the same action, in order to avoid a multiplicity of actions tending absolutely to the same result.

II. The second ground of objection, that there is no privity between the defendants, is met with the express allegation in the petition, that all the defendants are colluding for the purpose of defrauding the just creditors of one of these parties.

III. The plaintiffs ask the nullity of the sale to *William Hawthorn*, and of the judgment in favor of *Martha Hawthorn*, and go on to allege, that the wife has caused the undisposed of property of her husband, to be seized and sold, and that they are entitled to be paid by preference out of the proceeds in the hands of the Sheriff, because they have a judicial mortgage on all the property in question, and the defendant, *Martha Hawthorn's* claims, being fictitious and fraudulent. But the Sheriff is not made a party to these proceedings. The wife has a legal mortgage on the property of her husband ; the property conveyed by *Albert Hawthorn* to *William Hawthorn*, is encumbered with a mortgage in favor of *Martha Hawthorn*, if her claim be not fictitious ; and the plaintiffs claim a judicial mortgage on all the property in controversy ; it is, therefore, their interest to have her judgment set aside, at the same time that the sale to *William Hawthorn* is cancelled, and, to that extent, the right of action against one of the defendants is closely related to the right of action against the other.

If the plaintiffs succeed in their cumulated demands, they can at once, without molestation, proceed to make their claim out of the whole property of the common debtor ; whilst their remedy would be more circuitous, if they had to proceed against each of the defendants separately. Besides, it is not conceived in what respect the latter may be injured by being called upon collectively to answer the plaintiffs' demand ; their respective rights are to be tested in the same manner, as if separate suits had been instituted.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; that the exception filed by the defendants to the plaintiffs' action be discharged ; and that this case be remanded for further proceedings ; the appellees paying the costs of appeal.